IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00327-KLM

JAMES S. GRADY, dba Group Five Photosports,

    Plaintiff,

v.

CARL SAMUELSON,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Entry of Default Against Defendant Carl Samuelson** [Docket No. 28; Filed November 30, 2012] (the "Motion"). On December 12, 2012, Defendant filed a Response [#30]. On December 18, 2012, Plaintiff filed his Reply [#31]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises.

**I. Background**

This matter was initiated by Plaintiff on February 7, 2012 when it filed the Complaint alleging copyright and trademark infringement. *Compl.* [#1] at 19-25. On February 9, 2012, the Court entered an Order setting the Scheduling Conference for May 31, 2012 at 10:30 a.m. *Order* [#6] at 1. On March 5, 2013, Defendant filed his Answer [#8] and filed a *"Pro Se* Notice of Appearance" in which he provided the court with his mailing address [#9]. On May 15, 2012, the Scheduling Conference was reset to June 26, 2012 at 10:00 a.m. at

1

Plaintiff's request. *Order* [#13] at 1.  On June 21, 2012, the parties filed a proposed Scheduling Order [#14].  On June 26, 2012, Plaintiff appeared for the Scheduling Conference but Defendant failed to appear. *Minutes* [#15] at 1 (noting Defendant's absence).  As a result, the Court reset the Scheduling Conference for July 17, 2012 at 1:30 p.m. *Id.*  Also on June 26, 2012, the Court entered an Order stating "that Defendant shall appear at the Scheduling Conference set for July 17, 2012 <u>in person</u>.  If Defendant does not appear on July 17, 2012, his failure to attend the Scheduling Conference will result in the imposition of sanctions." *Order* [#16] at 1.  On July 14, 2012, the parties submitted their amended proposed Scheduling Order [#17].  On July 17, 2012 Defendant again failed to attend the Scheduling Conference and the Court entered an Order to Show Cause requiring Defendant to show cause "as to why the Clerk should not enter default against him pursuant to Fed. R. Civ. P. 55(a)" no later than July 31, 2012. *Order to Show Cause* [#18] at 1.  On July 23, 2012, Defendant responded to the Order to Show Cause stating that he "did not receive any correspondence indicating that a second scheduling conference had been set for July 17, 2012." *Show Cause Resp.* [#20] at 1.  As a result, on July 25, 2012, the Court discharged the Order to Show Cause and reset the Scheduling Conference for August 23, 2012 at 11:00 a.m. *Order* [#21] at 1.  The Court specifically noted that it rejected "Defendant's excuse that he did not receive correspondence regarding the setting of the second Scheduling Conference as patently incorrect.  The Clerk's Office mails all Court-issued docket entries to Defendant at the address listed on the docket." *Id.*  The Court stated that it was discharging Defendant's obligation not because he showed good cause, but because the Court took into consideration his *pro se* status. *Id.*  On August 15, 2012, Defendant sought the Court's leave to appear at the Scheduling Conference

telephonically [#22] which was granted on August 17, 2012 [#24]. Defendant again failed to appear at the Scheduling Conference even though he specifically requested the Court's permission to appear telephonically one week earlier. *Minutes* [#26] at 1. At that time the Court set the Final Pretrial Conference for May 1, 2013 at 10:30 a.m. *Id.*

Thereafter, Plaintiff filed the present Motion [#28]. In the Motion, Plaintiff seeks entry of default against Defendant pursuant to Fed. R. Civ. P. 55(a) for failure to appear at three scheduled hearings. *Memo. of Law* [#28-1] at 2. In his Response, Defendant argues that he did not receive notice of the three hearings. *Resp.* [#30] at 1-2. In its Reply, Plaintiff argues that Defendant's status as a *pro se* litigant does not excuse his behavior and that his actions have "interfere[d] with the administration of justice." *Reply* [#31] at 2 (citation omitted).

On April 26, 2013, the parties filed their proposed Pretrial Order [#32]. On May 1, 2013, the Final Pretrial Conference was held with Plaintiff appearing in person and Defendant appearing telephonically. *Minutes* [#36] at 1. Because Defendant failed to seek permission to appear telephonically prior to the Final Pretrial Conference, the Court granted Defendant's oral motion during the conference. *Id.* at 1-2.

## II. Analysis

"Default judgment is a harsh sanction that will apply only if the failure to comply with court orders is the result of 'willfulness, bad faith, or [some] fault of [Defendant]' rather than inability to comply.'" *Held v. Shelter Sys. Group Corp.*, 16 F.3d 416, at *2 (10th Cir. 1994) (table decision) (quoting *M.E.N. Co. V. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987)). Here, the Court finds that Defendant has failed to comply with several Orders without any justifiable explanation. However, "default judgment must normally be viewed

as available only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (internal quotation omitted).  Further, "default judgment is appropriate only where lesser sanctions have been considered and found inappropriate." *Id.* (citations omitted).  Guiding the Court's analysis is the time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").  It is, however, within this Court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency. *Gomes*, 420 F.2d at 1366.

Applying these considerations to the present circumstances, the Court does not find good cause to enter a default judgment against Defendant. The Court agrees with Plaintiff that Defendant is culpable for failing to appear at the hearings as ordered by the Court, but finds that this alone is insufficient to warrant entry of default against Defendant.[1] *See Bollacker v. Oxford Collection Agency, Inc.*, 2007 WL 3274435, at *3 (D. Colo. Nov. 5, 2007) ("Entry of default is a harsh sanction, contrary to the preferred policy of the resolution of disputes on the merits.") (citing *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991)). Moreover, Plaintiff fails to show that it has suffered any prejudice as a result of Defendant's failure to appear at the hearings.

Although Fed. R. Civ. P. 16 grants the Court discretion to enter a default judgment

---

[1] Because I have chosen not to impose a sanction of entry of default, I need not consider the *Ehrenhaus* factors. *See Tax Servs. Of Am., Inc. v. Mitchell*, Civil Action No. 07-cv-00249-REB-KLM, 2008 WL 2757016, at *2 n. 4 (D. Colo. July 14, 2008); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at * 2 (D. Colo. March 6, 2008).

as a sanction for failure to appear at a scheduling or pretrial conference, it does not obligate a court to do so. Moreover, not every failure to appear or respond to a court's order merits the extreme sanction of default judgment. While Defendant's conduct is troubling, the Court has chosen not to sanction him in this regard given his *pro se* status and his appearance at the Final Pretrial Conference. In addition, the Court reminds Defendant that his status as a *pro se* litigant does not excuse his behavior. *Pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Should Defendant further ignore Court orders, the Federal Rules of Civil Procedure, or this Court's Local Rules, the Court will consider sanctioning him for such behavior.

In addition, Defendant is reminded that a Trial Preparation Conference is set for May 28, 2013 at 1:30 p.m. Defendant shall call the Court at **303-335-2770**. If any other parties are granted leave to appear telephonically, these parties must initiate a conference call between themselves and Defendant before dialing the Court.

### III. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion [#28] is **DENIED**.

Dated: May 16, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge